## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KIM M HARTIGAN,

      Plaintiff,

v.                                                                   Case No: 8:23-cv-1780-CEH-JSS

HERNANDO COUNTY,
HERNANDO COUNTY PROPERTY
APPRAISER OFFICE, HERNANDO
COUNTY TAX COLLECTOR
OFFICE, JOHN C. EMERSON,
SALLY L. DANIEL, JOHN C.
EMERSON and SALLY L. DANIEL,

      Defendants.

---

## **ORDER**

    This cause comes before the Court *sua sponte*.  In this action, Plaintiff Kim M. Hartigan, proceeding *pro se*,[1] alleges various constitutional claims against county officials in relation to the collection of property taxes. For the reasons articulated below, the Amended Complaint constitutes a shotgun pleading.  Therefore, the Court

---

[1] Parties who are proceeding *pro se*, which means without a lawyer, should review the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida.  Those rules can be viewed on the Court's website at https://www.flmd.uscourts.gov/local-rules  The Court encourages *pro se* parties to consult the "Litigants Without Lawyers" guide on the Court's website, located at http://www.fmd.uscourts.gov/litigants-without-lawyers. Additionally, a pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook. A *pro se* party may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Civil forms, including form complaints, are available at the following hyperlink: https://www.flmd.uscourts.gov/forms/all/civil-forms.

will dismiss the Amended Complaint and grant Plaintiff leave to file a Second Amended Complaint that complies with the pleading rules.

## DISCUSSION

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland*, 792 F.3d at 1321. The first and most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* Ultimately, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'").

The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of

judicial and private resources." *Id.* (internal quotation marks omitted).  Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of pleading.  When faced with a shotgun pleading, a court should strike the complaint and instruct the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Here, the Amended Complaint is the first type of shotgun pleading.  Each count incorporates "the facts set forth above" or "the allegations set forth above" into each count, effectively rendering the final count a combination of the entire complaint. Doc. 15 ¶¶ 85, 105, 119, 129.  The Court will therefore dismiss the Amended Complaint and grant Plaintiff leave to file a Second Amended Complaint which conforms to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. In filing a Second Amended Complaint, Plaintiff must avoid shotgun pleading pitfalls and comply with applicable pleading requirements.

Accordingly, it is **ORDERED**:

1. Plaintiff's Amended Complaint (Doc. 15) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiff  is granted leave to file a Second Amended Complaint within **FOURTEEN (14) DAYS** from the date of this order, which must correct the deficiency discussed herein.  **Failure to file an amended complaint within the time provided will result in the dismissal of this action, without prejudice, without further notice**.

**DONE** and **ORDERED** in Tampa, Florida on October 6, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties