UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIM M. HARTIGAN,

    Plaintiff,

v.                                      CASE NO. 8:23-cv-1780-SDM-UAM

HERNANDO COUNTY, et al.,

    Defendants.
_____/

## **ORDER**

Laboring under the misguided belief that she is not a "taxpayer" and that she need not pay her property tax, Kim Hartigan, appearing *pro se*, sues Hernando County, Florida; the "Hernando County Property Appraiser office"; John C. Emerson, the Hernando County Property Appraiser; the "Hernando County Tax Collector office"; and Sally L. Daniel, the Hernando County Tax Collector. The second amended[1] complaint asserts five counts.[2] Counts One, Two, and Three cite 18 U.S.C. § 242, a criminal statute under which Hartigan (a private citizen) can assert no claim, and cite 42 U.S.C. § 1983. Count Four cites 18 U.S.C. § 241, another criminal statute under which Hartigan can assert no claim, and cites 42 U.S.C.

---

[1] Hartigan permissively amended the initial complaint before the defendants responded. An order dismissed the amended complaint in accord with *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

[2] Hartigan's complaint largely comprises incorrect legal assertions and redundant and immaterial statements masquerading as factual allegations, but the few well-pleaded allegations of fact are assumed true.

§ 1985.  Count Five cites 42 U.S.C. § 1982.  The five claims Hartigan asserts amount to the same claim:  the imposition of a property tax deprives Hartigan of a constitutional right.

The defendants move (Docs. 32 and 34) to dismiss, and Hartigan moves (Doc. 47) for summary judgment and moves (Doc. 48) for a hearing.  The defendants respond (Docs. 49 and 50) to the motion for summary judgment, and Hartigan responds (Docs. 40 and 41) to each motion to dismiss.  Also, Hartigan replies (Docs. 51 and 53) in support of the motion for summary judgment.

Hartigan can assert no claim that Hernando County's collecting a property tax deprives her of a constitutional right.  A state has a "broad power[] to impose and collect taxes."  *Allegheny Pittsburgh Coal Co. v. Cnty. Comm'n of Webster Cnty., W. Va.*, 488 U.S. 336, 344 (1989); *Weissinger v. White*, 733 F.2d 802, 805 (11th Cir. 1984) (quoting *Allied Stores v. Bowers*, 358 U.S. 522, 526 (1959)).  A state "may 'classify property for taxation; may set up different modes of assessment, valuation and collection; [and] may tax some lands or property at higher rates than others,' all without offense to the Constitution."  *Weissinger*, 733 F.2d at 805 (quoting *Nashville, Chattanooga & St. Louis Ry. v. Browning*, 310 U.S. 362, 368 (1940)).  Article VII, Section 9, of the Florida Constitution authorizes Florida counties, such as Hernando County, to levy an *ad valorem* property tax.  Hernando County's levying a tax on Hartigan's

property complies with the Florida Constitution and violates no federal constitutional right.[3]

Resisting this conclusion, Hartigan fills the complaint and her other papers with out-of-context passages from court decisions, inapplicable and misapplied statutes and regulations, and other superfluous recitations, including Hartigan's claim that her property is exempt from taxation because (1) the property is "non-commercial" and (2) Hartigan is not a "person" (and consequently not a "taxpayer") under Florida law.[4] (Doc. 25 ¶¶ 1, 7, 15–19, 64)  Hartigan's arguments bear a striking resemblance to the pleadings and papers of "sovereign citizens," whose arguments, including any argument that the "sovereign" (a term used incorrectly by Hartigan and "sovereign citizens") is not subject to a tax, are routinely (and universally) rejected as frivolous.  *See e.g., Bey v. State*, 847 F.3d 559 (7th Cir. 2017) (rejecting a "sovereign citizen's" belief that he was exempt from a state's or county's taxing his real estate); *Sheldon v. Sheldon*, 2020 WL 8083590, at *1 (M.D. Fla. 2020) (Flynn, M.J.) (finding that complaints by "sovereign citizens" are "regularly dismissed as frivolous" and

---

[3] Also, as explained by the defendants, 28 U.S.C. § 1341 prohibits a district court from "enjoin[ing], suspend[ing,] or restrain[ing] the assessment, levy[,] or collection of any tax under State law where a plain, speedy[,] and efficient remedy may be had in the courts of such State." *See Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1242 (11th Cir. 1991) ("The limitation imposed by [Section 1341] is *jurisdictional*; it embodies the general principle that the jurisdiction of the federal courts to 'interfere with so important a local concern as the collection of taxes' must be drastically limited.") (emphasis in original). "Florida provides [taxpayers] a 'plain, speedy and efficient remedy.'" *Torres v. Wells*, 2017 WL 397609, at *3 (M.D. Fla. 2017) (quoting *Osceola v. Florida Dept. of Revenue*, 893 F.2d 1231, 1233 (11th Cir. 1990), and citing *McKinney v. Pate*, 20 F.3d 1550, 1563 (11th Cir. 1994)). Nothing in the mire that is Hartigan's complaint confirms, or even suggests, that Hartigan exhausted, or even pursued, the available state remedy.

[4] According to Hartigan, she is "one of the sovereign People of the state of Florida within the community of Spring Hill."

collecting decisions), *R. & R. adopted sub nom. Sheldon*, 2021 WL 82860 (M.D. Fla. 2021); *Kiewel v. Hickok*, 2020 WL 13748452, at \*4–6 (D. Minn. 2020) (Brisbois, M.J.) (rejecting as "meritless," "absurd," and "entirely frivolous" the plaintiff's argument that he was improperly treated as a "person" and collecting decisions), *R. & R. adopted*, 2020 WL 13748451 (D. Minn. 2020); *Young v. PNC Bank, N.A.*, 2018 WL 1251920, at \*2 (N.D. Fla. 2018) (explaining that "sovereign citizens" employ outlandish legal theories to, among other things, avoid paying taxes).[5]  In any event, "non-commercial" property remains subject to taxation regardless of Hartigan's zealous belief to the contrary.

Because Hernando County's imposing in accord with the Florida constitution a tax on real property violates no provision of the United States Constitution, because Hartigan can assert no claim based on a federal criminal statute, and for other reasons stated by the defendants, the motions (Docs. 32 and 34) to dismiss are **GRANTED**.  Because one of the motions to dismiss purports to amend an earlier motion, the earlier motion (Doc. 33) is **DENIED AS MOOT**.  This action is **DISMISSED WITH PREJUDICE**.  Hartigan's motions (Docs. 47 and 48) for summary judgment and for a hearing are **DENIED AS MOOT**.  The clerk must enter against

---

[5] Despite the similarity between Hartigan's arguments and the arguments of "sovereign citizens," Hartigan contends that the assertion that she is a "sovereign citizen" is "ridiculous." (Doc. 40 at 17)

- 5 -

Kim Hartigan and in favor of the defendants a judgment of dismissal with prejudice. The clerk must close the case.

    ORDERED in Tampa, Florida, on April 24, 2024.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE